ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>BRANDOM LEE DÍAZ MALDONADO<br><br>Parte Peticionaria | KLCE202401090 | *Certiorari Criminal,* procedente del Tribunal de Primera Instancia<br><br>Caso Núm.: CSC2021G0169 AL 0173<br><br>Sobre: Revocación de Sentencia Suspendida |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Compareció la parte peticionaria, el Sr. Brandom Lee Díaz Navarro (en adelante, "señor Díaz Navarro" o "Peticionario"), mediante recurso de *Certiorari* presentado el 9 de octubre de 2024. Nos solicitó la revocación de la *Resolución Revocando Sentencias* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en adelante, "TPI"), el 3 de septiembre de 2024 y notificada y archivada en autos el 9 de septiembre de 2024.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari*.

### I.

El 22 de julio de 2021, el Ministerio Publico presentó varias acusaciones contra el señor Díaz Navarro Delgado por cinco (5) infracciones al Artículo 401 de la Ley Núm. 4 de 23 junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico", 24 LPRA sec. 2401 (en adelante, "Ley 4-1971"). Tras el trámite de rigor, el 27 de septiembre de 2021, el señor Díaz Navarro hizo alegación

de culpabilidad por el Artículo 406 de dicho cuerpo legislativo, en cada uno de los cinco (5) cargos.

Así las cosas, el 9 de diciembre de 2021, el TPI dictó *Sentencia* mediante la cual se le impuso una pena de cinco (5) años en cada uno de los cargos y se le concedió el beneficio de sentencia suspendida, a cumplirse de forma concurrente entre sí. Como parte de su condena, el foro recurrido le impuso una serie de condiciones generales y especiales. En lo aquí pertinente, la condición general número nueve (9) lee como sigue:

> Cualquier violación a las leyes vigentes en Puerto Rico podrá conllevar la revocación de esta orden, en cuyo caso usted cumplirá la sentencia impuesta de acuerdo con la ley. Usted consentirá a que, de ser acusado de cometer un delito grave, se celebre conjuntamente con la vista de determinación de causa probable, la vista smaria [sic] inicial. La determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de la libertad a prueba.[1]

El 24 de abril de 2024, estando cumpliendo la pena bajo sentencia suspendida en el foro estatal, un Gran Jurado para el Tribunal de Distrito de los Estados Unidos para el Distrito de Puerto Rico autorizó un Pliego Acusatorio*,* conocido en inglés como *Indictment,* con seis (6) cargos contra el señor Díaz Navarro y otras 61 personas. Conforme se desprende del mismo, los hechos que se le imputan comenzaron en el año 2014 y se extendieron hasta el 24 de abril de 2024.  En específico, se le imputaron los siguientes seis (6) cargos: (1) conspiración para poseer con intención de distribuir y distribución de sustancias controladas; (2) posesión con intención de distribuir/ distribución de heroína; (3) posesión con intención de distribuir/ distribución de cocaína (base); (4) posesión con intención de distribuir/ distribución de cocaína; (5) posesión con intención de distribuir/ distribución de marihuana; y (6) posesión de armas de fuego al cometer o fomentar un delito de tráfico de drogas.

Ante estas circunstancias, el 12 de junio de 2024, el Ministerio Público presentó una "**Moción Solicitando Revocación de Libertad a Prueba bajo Sentencia**". Mediante la misma, informó al TPI que el

---

[1] *Véase*, Apéndice del recurso de *certiorari*, pág. 30.

Peticionario había violado una de las condiciones generales, según desglosada en la *Sentencia*, y por tanto, solicitó su arrestó y encarcelamiento sin fianza hasta la celebración de una vista final de revocación de sentencia suspendida. En esa misma fecha, el foro de instancia emitió una *Resolución y Orden* en la cual ordenó el arresto e ingreso del señor Díaz Navarro.

Luego de varios trámites procesales, a solicitud del propio Peticionario, se consolidó la vista sumaria inicial con la vista final de revocación que quedó pautada para el 9 de agosto de 2024. Allí, el Ministerio Público presentó como testigo al técnico sociopenal a cargo del señor Díaz Navarro, quien recomendó que se mantuviera la sentencia suspendida en probatoria contra este último, con la finalidad de que continuara cumpliendo las condiciones estatales y, a su vez, las condiciones impuestas en la esfera federal.

Evaluada la solicitud de revocación y el expediente judicial, el 3 de septiembre de 2024, el TPI emitió *Resolución Revocando Sentencias* mediante la cual concluyó que el señor Díaz Navarro "incurrió en actividad criminal desde antes de comenzar a extinguir las sentencias en probatoria, y durante el periodo de supervisión de probatoria, hasta la fecha en que se ordenó su arresto en la jurisdicción federal".[2] Por tanto, determinó revocar las sentencias impuestas al Peticionario y procedió a ordenar que las mismas fueran extinguidas en prisión, abonándosele el término de dos (2) años y cuatro (4) meses que cumplió en probatoria.

Inconforme con lo anteriormente resuelto, el señor Díaz Navarro acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL REVOCAR LA SENTENCIA SUSPENDIDA AL SENOR [sic] BRANDOM LEE DÍAZ NAVARRO AL DETERMINAR QUE VIOLÓ LA CONDICIÓN NÚMERO NUEVE DE LA SENTENCIA SUSPENDIDA QUE PROHIBE [sic] INCURRIR EN NUEVA CONDUCTA DELICTIVA, CUANDO DEL "INDICTMENT" PRESENTADO EN EL TRIBUNAL FEDERAL NO SURGE FECHA EN ESPECÍFICO Y ES DEMASIADO AMPLIO PARA DETERMINAR SI ES NUEVA CONDUCTA DELICTIVA, ADEMÁS DE NO DESFILAR PRUEBA EN LA

---

[2] *Véase*, Apéndice del recurso de *certiorari*, pág. 17.

VISTA FINAL DE REVOCACIÓN SOBRE LA ALEGADA NUEVA CONDUCTA DELICTIVA CONSTITUTIVA DE VIOLACIÓN A LAS CONDICIONES DE LA PROBATORIA. AL ASÍ PROCEDER SE VIOLENTO [sic] EL DEBIDO PROCESO DE LEY Y PROCESO DE REHABILITACIÓN, HABIENDO DESFILADO PRUEBA D LOS BUENOS AJUSTES DEL PROBANDO DURANTE EL TIEMPO EN PERÍODO PROBATORIO.

El 31 de octubre de 2024, la parte recurrida presentó "Escrito en Cumplimiento de Orden".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR __ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Ley Núm. 259 de 3 de abril de 1946, según enmendada, conocida como la "Ley de Sentencia Suspendida y Libertad a Prueba"*,* 34 LPRA sec. 1026 *et seq.*, fue creada con el propósito de establecer "la sentencia probatoria en el sistema judicial de Puerto Rico; para disponer en qué casos deberá suspenderse el efecto de la sentencia y ponerse al sentenciado a prueba, proveyendo para ello; para fijar los requisitos necesarios que deben concurrir para la imposición de tal sentencia probatoria, y para otros fines." Exposición de motivos, *Ley de Sentencia Suspendida, supra*. En ella, la Asamblea Legislativa estableció el privilegio que permite a un convicto cumplir su sentencia o parte de esta fuera de las instituciones penales. Pueblo v. Vélez Torres, 212 DPR 175, 182 (2023).

Así pues, el Artículo 2A de dicho cuerpo estatutario le reconoce al tribunal sentenciador la potestad de imponer las condiciones que razonablemente entienda al momento de dictar la sentencia, incluyendo el compromiso del probando de no incurrir en conducta delictiva y de no asociarse con personas reconocidas por su participación en actividades ilegales mientras disfrute de los beneficios reconocidos en la Ley. 34 LPRA sec. 1027a. De igual forma, la determinación de causa probable de la comisión de un nuevo delito es causa suficiente para, en ese momento, revocar provisionalmente los beneficios de la libertad a prueba. Íd. En consonancia con lo anterior, le corresponde al Ministerio Público el peso de la prueba y la determinación del juzgador deberá estar formulada a base de preponderancia de la prueba. 34 LPRA sec. 1029.

Por otro lado, el Artículo 4 de la Ley Núm. 259, *supra*, establece, en su parte pertinente, que:

> El tribunal sentenciador podrá en cualquier momento en que a su juicio la libertad a prueba de una persona fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente, revocar dicha libertad y ordenar la reclusión de la persona por el período de tiempo completo señalado en la sentencia cuya ejecución suspendió para ordenar la libertad a prueba, sin abonarle a dicha persona el período de tiempo que estuvo en libertad a prueba. Íd.; *véase, además*, Pueblo v. Vélez Torres, *supra*, pág. 182.

**III.**

En el presente caso, el Peticionario nos solicitó que revoquemos la *Resolución Revocando Sentencias* y ordenemos su excarcelación. Como fundamento para su petitorio, el señor Díaz Navarro expresó que durante la vista final de revocación no se estableció en qué consistió la conducta delictiva que provocó la violación a la condición general núm. 9. A la luz de ello, sostiene que se le violentó su derecho a un debido proceso de ley.

Tras la evaluación exhaustiva del expediente ante nuestra consideración, incluyendo la grabación de los procedimientos acaecidos durante la vista final de revocación, encontramos que el foro *a quo* no indició ni se desprende del expediente ante nos que haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho.  Tampoco el Peticionario demostró que el TPI

abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación.

Del estudio de la *Resolución* recurrida y del *Pliego Acusatorio* presentado en la esfera federal –sobre el cual el TPI tomó conocimiento judicial durante la vista– se desprende el esquema que se le está imputando al señor Díaz Navarro y que el mismo comenzó desde el año 2014 y se extendió hasta el 24 de abril de 2024 (fecha en que se radicaron los cargos federales). Sobre esto último, no debemos perder de perspectiva que uno de los delitos que se le atribuye al Peticionario es la conspiración con la intención de distribuir sustancias controladas durante el periodo en que éste ha estado cumpliendo la sentencia suspendida impuesta por el TPI por los cargos estatales. No olvidemos que:

> La norma general es que [la conspiración] termina cuando se logra el objetivo final … o cuando es patente que fracasó tal objetivo…. **Se presume que[,] si una persona es miembro de la conspiración en determinado momento, permanece como miembro mientras no se pruebe lo contrario**, para esto puede invocarse la presunción establecida en la regla 304 (30) [de Evidencia, 32 LPRA Ap. VI, R. 304 (30)]. E.L. Chiesa Aponte, <u>Reglas de Evidencia Comentadas</u>, Ed. Situm, 2016, pág. 278 (énfasis suplido).

En fin, del análisis de la totalidad de las circunstancias que rodean la controversia ante nos, no identificamos fundamentos jurídicos que nos motiven a expedir el auto de *certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora a estas alturas del litigio. Sostenemos, por tanto, que la determinación impugnada resulta razonable, de conformidad con el estándar probatorio exigido en esta etapa de los procedimientos, y no denota un abuso de discreción por parte del foro *a quo*.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Salgado Schwarz disiente con la siguiente expresión:

"Nos parece un sinsentido el hablar de presunciones del Derecho Probatorio para definir la comisión de una conducta criminal, de la cual se toma conocimiento judicial sin recibir prueba alguna que no sea la alegación presentada en una acusación federal. En nuestro ordenamiento, los delitos se prueban con evidencia, independientemente que el quántum requerido en una revocación de sentencia suspendida o proceso de desvío sea distinto al requerido en un juicio en su fondo.

Lo menos que este Juez espera del TPI es la celebración de una vista en la cual se reciba prueba de la infracción alegada en su carácter temporal, ya que la alegación es sumamente amplia y abarca desde antes del inicio del privilegio concedido. Un granito de debido proceso de ley, nada extraordinario.

Evidentemente expediría el recurso y revocaría la determinación tomada, por lo que, respetuosamente, disiento de mis compañeros."

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones